UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DUNCAN MILLER, an individual; ANGELA MILLER, an individual; MACH 4, LLC, a Nevada limited liability corporation;<br><br>Plaintiffs,<br><br>v.<br><br>ALAN STRONG, an individual; STEVE INGERSOLL, an individual; OPERATING ENGINEERS LOCAL 3, a collective bargaining organization,<br><br>Defendants. | 3:11-CV-00841-LRH-WGC<br><br>ORDER |

Before the court is Plaintiffs' Motion to Remand Removed Action for lack of subject matter jurisdiction (#18[1]). Defendants filed an opposition (#20), and Plaintiffs replied (#21).

**I.   Facts and Procedural History**

Plaintiffs filed the underlying action in state court on October 21, 2011. Plaintiffs allege that Defendants made defamatory statements concerning Plaintiffs, including that Plaintiff Mach 4 had filed frivolous claims in its federal action, *Mach 4 Construction, LLC v. Operating Engineers Local No. 3*, 3:09-cv-565-LRH-RAM, and that Mach 4 does not properly pay employees and was going out of business.

---

[1]Refers to the court's docket entry number.

On November 22, 2011, Defendants removed the action on the basis of this court's federal question jurisdiction under 28 U.S.C. § 1331. Specifically, Defendants assert that Plaintiffs' state law cause of action is preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and by Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1). Plaintiffs dispute Defendants' preemption arguments and move to remand the action for lack of subject matter jurisdiction.

## II. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Among other cases, the district courts of the United States have original jurisdiction of all civil actions arising under federal law. 28 U.S.C. § 1331.

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citation omitted).

## III. Discussion

"[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Federal jurisdiction may be

2

established for purposes of removal, however, under the doctrine of "complete pre-emption." *See Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 641 (9th Cir. 1989). Complete preemption exists where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393. Accordingly, for removal to have been proper in this case based on federal preemption, complete preemption must exist such that Plaintiffs' state-law defamation cause of action is entirely displaced by and must be considered a creature of federal law. *See Jackson*, 881 F.2d at 642 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983)).

Defendants contend that Plaintiffs' defamation claim is completely preempted because resolution of the claim—especially determining whether the allegedly defamatory statements (that Plaintiffs' federal claims are frivolous and that Mach 4 does not properly pay its employees) are actually false—will necessarily require interpretation of the parties' collective bargaining agreements. As authority, Defendants cite the Supreme Court's decisions in *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985), and *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399 (1988), the leading cases addressing preemption under Section 301 of the LMRA.

### A. LMRA

Section 301 of the LMRA provides for federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . ." 29 U.S.C. § 185(a). The Supreme Court has recognized, however, that "the preemptive effect of § 301 must extend beyond suits alleging contract violations" in order to properly give effect to the policies animating § 301—*i.e.*, to ensure consistent interpretation of labor agreements under uniform federal law, and to ensure that arbitration provisions in labor

agreements be given effect. *See Allis-Chalmers*, 471 U.S. at 209-11; *see also Lingle*, 486 U.S. at 411. Accordingly, "[a]lthough section 301 does not preempt every employment dispute tangentially involving a provision of a collective bargaining agreement, state claims that require interpretation of a collective bargaining agreement, or depend substantially upon analysis of a collective bargaining agreement's terms, are preempted." *Jackson*, 881 F.2d at 643 (citations omitted).

Applying these principals to state-law defamation claims, the Ninth Circuit has found preemption under the LMRA only where the allegedly defamatory statements were contained in disciplinary and discharge notices that were required under the terms of the collective bargaining agreement. *See Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1063 (9th Cir. 1989). By contrast, where the allegedly defamatory statements were made outside such a context and not pursuant to any requirements of the CBA's disciplinary procedures, the Ninth Circuit has found that state law defamation claims are not preempted. *See Jackson*, 881 F.2d at 645; *Tellez v. Pacific Gas & Elec. Co.*, 817 F.2d 536, 538 (9th Cir. 1987). As the *Tellez* court reasoned, such a defamation claim "neither asserts rights deriving from the collective bargaining agreement, nor requires interpretation of the agreement's terms" in order to determine the parties' duties or obligations, as state tort law "establishes nonnegotiable rights and obligations" that are "independent of any labor contract" and may be sued upon "regardless of employment status or union membership." *Tellez*, 817 F.2d at 538. The court further observed that allowing state-law defamation claims based on conduct outside any CBA-governed activities is consistent with the policies underlying § 301 of the LMRA, as collective bargaining agreements simply do not govern such allegedly tortious conduct and state-court tort actions, as the sole means for pursuing a defamation claim for damages, could not possibly supplant the arbitration process in a labor agreement. *Id.*

As in *Tellez* and *Jackson*, the defamation claims here implicate rights and obligations that are established by state law independently of any labor contract. The parties' labor agreements may

be implicated only insofar as they relate to the subject matter of the allegedly defamatory speech and have no role with regard to defining the respective rights and obligations of Plaintiffs and Defendants and the duty of care owed regarding defamatory speech. *See Galvez v. Kuhn*, 933 F.2d 773, 779-80 (9th Cir. 1991) (rejecting the argument that a claim for intentional interference of emotional distress should be preempted because interpretation of the CBA could be relevant in determining whether the defendant's behavior was outrageous).

Thus, even if the content of the parties' labor agreements is relevant to the truth or falsity of Defendants' allegedly defamatory statements that Plaintiffs' lawsuit is frivolous and that they improperly pay their employees, Defendants' argument that Plaintiffs' defamation claim is "substantially dependent" upon the meaning of those agreements must be rejected as a semantic trick that is unmoored from the use of that phrase in *Allis-Chalmers* and *Lingle* for purposes of complete preemption. As the Court explained in *Allis-Chalmers*, "in enacting § 301 Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules." 471 U.S. at 209-10. Accordingly, "[i]f the state tort law purports to define the meaning of the contractual relationship, that law is pre-empted." *Id.* at 213. Nothing of the sort can be said of the application of Nevada defamation law to the facts of this case.

For these reasons, the court rejects the notion that Plaintiffs' defamation claim must be considered as entirely displaced by the LMRA and a creature of federal labor law. The claim is therefore not completely preempted under the LMRA, and removal was improper on the basis of federal question jurisdiction.

**B. ERISA**

The same result obtains to the extent Defendants contend that removal was proper based on preemption under ERISA. Section 502 of ERISA provides for federal jurisdiction over civil actions to recover benefits due under an ERISA plan, to enforce rights under the terms of the plan, or to clarify rights to future benefits. *See* 29 U.S.C. § 1132(a)(1)(B), (e); *Aetna Health Inc. v.*

5

*Davila*, 542 U.S. 200, 210 (2004). As under the LMRA, *complete* preemption—as opposed to defensive or conflict preemption, which are non-jurisdictional and cannot support removal—does not exist under ERISA merely because the claims at issue relate in some way to an ERISA plan. Rather, complete preemption exists only where a plaintiff "could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions." *Aetna*, 542 U.S. at 210.

Here, Plaintiffs' defamation claims only tangentially may involve issues related to ERISA. This action for defamation is not an action to adjudicate rights and benefits under an ERISA plan, but rather a tort action for violation of a legal duty independently established by state law. Accordingly, complete preemption does not apply under ERISA, and removal was improper. Remand is therefore required.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (#18) is GRANTED. This case is hereby remanded to the Fourth Judicial District Court of Elko County, Nevada.

IT IS SO ORDERED.

DATED this 5th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE